(2) You may think about whether the accomplice's testimony is supported by other evidence, because then it may be more reliable. However, there is nothing wrong with using an accomplice as a witness. You may convict the defendant based only on an accomplice's testimony if you believe the testimony and it proves the defendant's guilt beyond a reasonable doubt.

  (3) When you decide whether you believe an accomplice, consider the following:

  (a) Was the accomplice's testimony falsely slanted to make the defendant seem guilty because of the accomplice's own interests, biases, or for some other reason?

  (b) Has the accomplice been offered a reward or been promised anything that might lead him to give false testimony?

  (c) Has the accomplice been promised that he will not be prosecuted, or promised a lighter sentence or allowed to plead guilty to a less serious charge? If so, could this have influenced his testimony?

  (4) In general, you should consider an accomplice's testimony more cautiously than you would that of an ordinary witness. You should be sure you have examined it closely before you base a conviction on it.  (CJI2d 5.6)

If the jury had thus been instructed, they would have been warned to consider defendant Stanley's testimony more cautiously than that of an ordinary witness and would have provided guidelines to follow when assessing his credibility.

An accomplice has been defined as a person who knowingly and willingly helps or cooperates with someone else in committing a crime. People v. Allen 201 Mich App 98, 105; 505 NW2d 869 (1993).

Defendant Stanley admitted to his participation in the offenses, admitted he had been released several times from custody, admitted he had not been charged with the instant offense, and admitted he had been charged in the drugstore carjacking and robbery. Defendant's jury could have concluded he was an accomplice, that he aided and abetted defendant in the commission of not only that offense, but the charged offense, and was testifying in such a manner that his own jury would agree he acted under duress. As a result, he offered for

defendant's jury additional consideration of other bad acts: he was forced to participate at gunpoint and afterwards threatened not to speak to the authorities.

The other witnesses, if believed, had testified he was involved with this offense and his actions did not indicate he was operating under duress. Whether he was or not was left to his own jury.

The jury instruction as to witness credibility, CJI2d 3.6, was inadequate with respect to defendant Stanley, because of his unique position as both a witness and a defendant in the trials. Yet the jury was instructed to consider his testimony as if he were any other ordinary witness. If they had been properly instructed, the jury would have been better able to assess not only his credibility, but it would have impacted on the other witness' testimony, casting doubt upon their testimony as well.

Defendant submits the failure of the court to properly instruct the jury resulted in a failure to protest defendant's rights by failing to have them determine for themselves defendant's Stanley's role, where there was evidence to support his participation. As such, defendant suffered a miscarriage of justice. Lukity, supra.

Therefore, defendant submits the trial court abused its discretion in denying defendant's request for the instruction, requiring reversal.

25

## SUMMARY AND RELIEF SOUGHT

For the foregoing reasons, Defendant-Appellant respectfully requests this Honorable Court remand the case for a new trial, or grant Defendant any other remedy as this Honorable Court determines.

Respectfully submitted,

_____
DANIEL J. RUST
26062 Ivanhoe
Detroit, Michigan 48239
(313) 837-7734

DATED: **March 28 , 2005**

# CIVIL COVER SHEET FOR PRISONER CASES

| Name of 1st Listed Plaintiff: Rufus Lango | Name of 1st Listed Defendant: Blaine Lafler |
|---|---|
| Inmate Number: 498304 | Defendant's County of Residence (If located in Michigan) |

**FACILITIES, LISTED ALPHABETICALLY**

- ☐ ALGER MAXIMUM CORRECTIONAL FACILITY, INDUSTRIAL PARK DRIVE, P.O. BOX 600, MUNISING, MI 49862, ALGER COUNTY
- ☐ BARAGA MAXIMUM CORRECTIONAL FACILITY, 301 WADAGA ROAD, BARAGA, MI 49908, BARAGA COUNTY
- ☐ BELLAMY CREEK CORRECTIONAL FACILITY, 1727 W. BLUEWATER HIGHWAY, IONIA, MI 48846, IONIA COUNTY
- ☐ BOYER ROAD CORRECTIONAL FACILITY, 10274 BOYER ROAD, CARSON CITY, MI 48811, MONTCALM COUNTY
- ☐ CARSON CITY CORRECTIONAL FACILITY, 10522 BOYER ROAD, CARSON CITY, MI 48811, MONTCALM COUNTY
- ☐ CHARLES EGELER RECEPTION AND GUIDANCE CENTER, 3855 COOPER STREET, JACKSON, MI 49201-7547, JACKSON COUNTY
- ☐ CHIPPEWA CORRECTIONAL FACILITY, 4269 W. M-80, KINCHELOE, MI 49784, CHIPPEWA COUNTY
- ☐ COOPER STREET CORRECTIONAL FACILITY, 3100 COOPER STREET, JACKSON, MI 49201, JACKSON COUNTY
- ☐ DEERFIELD CORRECTIONAL FACILITY, 1755 HARWOOD ROAD, IONIA, MI 48846, IONIA COUNTY
- ☐ EARNEST C. BROOKS CORRECTIONAL FACILITY, 2500 S. SHERIDAN DRIVE, MUSKEGON HEIGHTS, MI 49444, MUSKEGON COUNTY
- ☐ FEDERAL CORRECTIONAL INSTITUTION - MILAN, P.O. BOX 1000, MILAN, MI 48160-1090, WASHTENAW COUNTY
- ☐ FLORENCE CRANE CORRECTIONAL FACILITY, 38 FOURTH STREET, COLDWATER, MI 49036, BRANCH COUNTY
- ☐ G. ROBERT COTTON CORRECTIONAL FACILITY, 3500 N. ELM ROAD, JACKSON, MI 49201, JACKSON COUNTY
- ☐ GUS HARRISON CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221, LENAWEE COUNTY
- ☐ HANDLON MICHIGAN TRAINING UNIT, 1728 BLUEWATER HIGHWAY, IONIA, MI 48846, IONIA COUNTY
- ☐ HIAWATHA CORRECTIONAL FACILITY, 4533 W. INDUSTRIAL PARK DRIVE, KINCHELOE, MI 49786-0001, CHIPPEWA COUNTY
- ☐ HURON VALLEY CENTER, 3511 BEMIS ROAD, YPSILANTI, MI 48197, WASHTENAW COUNTY
- ☐ HURON VALLEY CORRECTIONAL FACILITY, 3201 BEMIS ROAD, YPSILANTI, MI 48197, WASHTENAW COUNTY
- ☐ IONIA MAXIMUM CORRECTIONAL FACILITY, 1576 W. BLUEWATER HIGHWAY, IONIA, MI 48846, IONIA COUNTY
- ☐ KINROSS CORRECTIONAL FACILITY, 16770 S. WATERTOWER DRIVE, KINCHELOE, MI 49788, CHIPPEWA COUNTY
- ☐ LAKELAND CORRECTIONAL FACILITY, 141 FIRST STREET, COLDWATER, MI 49036, BRANCH COUNTY
- ☐ MACOMB CORRECTIONAL FACILITY, 34625 26 MILE ROAD, NEW HAVEN, MI 48048, MACOMB COUNTY
- ☐ MARQUETTE BRANCH PRISON, 1960 US HWY 41 SOUTH, MARQUETTE, MI 49855, MARQUETTE COUNTY
- ☐ (address obscured) 17601 M..., DETROIT, MI 48212, WAYNE COUNTY
- ☐ MUSKEGON CORRECTIONAL FACILITY, 2400 S. SHERIDAN DRIVE, MUSKEGON, MI 49442, MUSKEGON COUNTY
- ☐ NEWBERRY CORRECTIONAL FACILITY, 3001 NEWBERRY AVENUE, NEWBERRY, MI 49868, LUCE COUNTY
- ☐ OAKS CORRECTIONAL FACILITY, 1500 CABERFAE HIGHWAY, EASTLAKE, MI 49626-0038, MANISTEE COUNTY
- ☐ OJIBWAY CORRECTIONAL FACILITY, N5705 OJIBWAY ROAD, MARENISCO, MI 49947-9771, GOGEBIC COUNTY
- ☐ PARNALL CORRECTIONAL FACILITY, 1780 E. PARNALL, JACKSON, MI 49201, JACKSON COUNTY
- ☐ PARR HIGHWAY CORRECTIONAL FACILITY, 2727 E. BEECHER STREET, ADRIAN, MI 49221, LENAWEE COUNTY
- ☐ PINE RIVER CORRECTIONAL FACILITY, 320 N. HUBBARD, ST. LOUIS, MI 48880, GRATIOT COUNTY
- ☐ PUGSLEY CORRECTIONAL FACILITY, 7401 EAST WALTON ROAD, KINGSLEY, MI 49649, GRAND TRAVERSE COUNTY
- ☐ RIVERSIDE CORRECTIONAL FACILITY, 777 W. RIVERSIDE DRIVE, IONIA, MI 48846, IONIA COUNTY
- ☐ SAGINAW CORRECTIONAL FACILITY, 9625 PIERCE ROAD, FREELAND, MI 48623, SAGINAW COUNTY
- ☐ SOUTHERN MICHIGAN CORRECTIONAL FACILITY, 4002 COOPER STREET, JACKSON, MI 49201, JACKSON COUNTY
- ☐ ST. LOUIS CORRECTIONAL FACILITY, 8585 N. CROSWELL ROAD, ST. LOUIS, MI 48880, GRATIOT COUNTY
- ☐ STANDISH MAXIMUM CORRECTIONAL FACILITY, 4713 W. M-61, STANDISH, MI 48658, ARENAC COUNTY
- ☐ STRAITS CORRECTIONAL FACILITY, 4387 W. M-80, KINCHELOE, MI 49785-0001, CHIPPEWA COUNTY
- ☐ THUMB CORRECTIONAL FACILITY, 3225 JOHN CONLEY DRIVE, LAPEER, MI 48446, LAPEER COUNTY
- ☐ WAYNE COUNTY JAIL, 570 CLINTON STREET, DETROIT, MI 48226, WAYNE COUNTY
- ☐ WEST SHORELINE CORRECTIONAL FACILITY, 2500 S. SHERIDAN DIRVE, MUSKEGON HEIGHTS, MI 49444, MUSKEGON COUNTY

Case: 2:06-cv-12228
Assigned To: Battani, Marianne O
Referral Judge: Capel, Wallace
Filed: 05-16-2006 At 07:47 AM
HC LANGO VS LAFLER (LE)

**OFFICE USE ONLY**

| PLAINTIFF ADDRESS: (IF NOT ABOVE) | BASIS OF JURISDICTION | ORIGIN | FEE STATUS |
|---|---|---|---|
| | ☐ 1 US GOVERNMENT DEFENDANT<br>☒ 3 FEDERAL QUESTION<br>☐ 4 DIVERSITY | ☒ 1 ORIGINAL PROCEEDING<br>☐ 2 REMOVED FROM STATE COURT<br>☐ 5 TRANSFERRED FROM ANOTHER DISTRICT COURT | ☒ IFP IN FORMA PAUPERIS<br>☐ WAI WAIVED<br>☐ PD PAID |
| PLAINTIFF'S COUNTY OF RESIDENCE | NATURE OF SUIT | JURY DEMAND | CASE OPENING |
| | ☐ 510 MOTION TO VACATE<br>☒ 530 HABEAS CORPUS<br>☐ 535 HABEAS/DEATH PENALTY<br>☐ 540 MANDAMUS<br>☐ 550 CIVIL RIGHTS<br>☐ 555 PRISON CONDITIONS | CHECK YES ONLY IF DEMANDED IN COMPLAINT<br>☒ NO<br>☐ YES | ☒ OPEN AS CV<br>☐ NO CREDIT REASSIGN TO (MOTION TO VACATE - 2255) |

(MIED REV. 5/16/05) PRISONER COVER SHEET - Page 1 of 2

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously discontinued or dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case Number: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? *(Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)*  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case Number: _____

   Judge: _____

Notes: