UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS LANGO,

        Petitioner,        Case Number: 06-CV-12228

v.        HON. MARIANNE O. BATTANI

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE

Petitioner Rufus Lango has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, challenges his first-degree murder, assault with intent to murder, and felony firearm convictions. Now before the Court is Petitioner's Motion to Hold Habeas Petition in Abeyance. The Court shall grant Petitioner's request, stay the present petition provided that Petitioner promptly files a claim for collateral review in state court, and administratively close the matter.

**I.    Background**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder, assault with intent to murder, and felony firearm. On July 21, 2004, he was sentenced to life imprisonment for the murder conviction, fifteen to forty years imprisonment for the assault conviction, and two years imprisonment for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the

following claims:

> I. Defendant-appellant's convictions should be reversed because the trial court erred in finding the statements voluntary and erred in their admission at trial.
>
> II. Defendant-appellant is entitled to a new trial where the trial court granted an adjournment for over one week.
>
> III. Defendant-appellant's convictions should be reversed because the jury was not properly instructed on how to consider the testimony of another defendant.

The Michigan Court of Appeals affirmed Petitioner's convictions. People v. Lango, No. 257150 (Mich. Ct. App. Nov. 22, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, presenting the same claims presented on direct review to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Lango, 474 Mich. 1095 (Mich. March 27, 2006).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the same claims presented on direct review in state court. Petitioner now asks the Court to hold his petition in abeyance while he returns to state court to exhaust additional claims.

## II. Discussion

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Because habeas petitioners generally are limited to filing only one habeas petition, 28 U.S.C. § 2244(b), they should include all their claims in one habeas petition. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A prisoner "'fairly presents' his claims to the state courts

by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993).  A Michigan prisoner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).

Petitioner states that, although all of the claims presented in his petition are exhausted, there are two additional claims he wishes to present which have not yet been exhausted in state court.  He asks the Court to stay further proceedings in this matter while he returns to state court to exhaust these claims.

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims.  Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of innocence.  *See* Mich. Ct. R. 6.508(D)(3).  Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless."

Rhines v. Weber, 544 U.S. 269, 278 (2005).  Petitioner states that these claims were not presented in state court because his appellate attorney was ineffective.  An appellate attorney cannot be expected to raise his own ineffective assistance on appeal.  Combs v. Coyle, 205 F.3d 269, 276 (6th Cir. 2000).  Thus, the Court finds that Petitioner has asserted good cause for failing previously to present these claims to the Michigan Court of Appeals.  In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics.  *See* Rhines, 544 U.S. at 277-78.  Therefore, the Court shall stay further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed.  *See* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See* id.  Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies.  *See* id.; Abela v. Martin, 348 F.3d 164, 170  (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application").  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  Palmer, 276 F.3d at 781 (internal quotation omitted).

**III.    Conclusion**

Accordingly, it is **ORDERED** that Petitioner's Motion to Hold Habeas Petition in Abeyance is **GRANTED**. Petitioner may file a motion for relief from judgment with the state trial court within **sixty days** from the date of this order. If Petitioner fails to file a motion for relief from judgment by that date, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings. If Petitioner files an amended petition, Respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **twenty-one days** thereafter.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

        s/Marianne O. Battani  
        MARIANNE O. BATTANI  
        UNITED STATES DISTRICT JUDGE

Dated: August 28, 2006

### CERTIFICATE OF SERVICE

A copy of this Opinion and Order was served upon Rufus Lango and B. Eric Restuccia, on this date by ordinary mail and/or electronic filing.

        s/Bernadette M. Thebolt  
        Deputy Clerk