UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUFUS GENE LANGO,   Case Number: 06-CV-12228
                    HON. MARIANNE O. BATTANI
    Petitioner,

v.

BLAINE LAFLER,

    Respondent.

_____/

**OPINION AND ORDER DENYING
THE PETITION FOR WRIT OF HABEAS CORPUS**

Rufus Gene Lango, ("Petitioner") currently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions of first-degree felony murder, M.C.L. 750.316(1)(b), assault with intent to murder, M.C.L. 750.83, and possession of a firearm during the commission of a felony (felony-firearm), M.C.L. 750.227(b).  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  Petitioner's conviction arose out of a robbery and shooting that occurred outside a nightclub in the city of Detroit.  The shooting

resulted in the death of Martin Ngaima and the wounding of Alex Barmon. Petitioner and his co-defendant were convicted on the basis of identifications made by Edwin Bannah and Jessie Stanley. Stanley, tried separately, provided testimony of the group's *modus operandi* of targeting people in parking lots and then moving in to take whatever was immediately available. Petitioner Lango's multiple statements describe a series of robberies, referred to as "missions," in which he and others would drive up alongside people near restaurants, bars, or hotels, exit the vehicles, point guns and then rob the victims of their possessions. Petitioner Lango's statements also describe the dark clothing worn and the weapons used by him and his accomplices, which match the dark clothing and the AK-47 and shotgun seen and testified to by the witnesses outside of Bobby G's during the commission of the offenses.

Petitioner's conviction was affirmed on appeal. *People v. Lango,* No. 257150 (Mich.Ct.App. November 22, 2005); *lv. den.* 474 Mich. 1095; 711 N.W. 2d 356( 2006).[1] Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Defendant-appellant's convictions should be reversed because the trial court erred in finding the statements voluntary and erred in their admission at trial.

---

[1] On May 10, 2006, Petitioner filed his petition for writ of habeas corpus. On August 2, 2006, Petitioner filed a Motion to Hold Habeas Petition in Abeyance. In his motion, petitioner sought leave to return to the state courts to exhaust additional claims. Petitioner subsequently filed a "Motion To Voluntarily Dismiss" stating he chose to proceed with the original claims. Construing his request as a "Motion to Reopen Habeas Corpus Proceedings," petitioner's habeas application was subsequently reopened.

II. Defendant-appellant is entitled to a new trial where the trial court granted an adjournment for more than one week.

III. Defendant-appellant's convictions should be reversed because the jury was not properly instructed on how to consider the testimony of another defendant.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established

3

federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claim # 1. The use of confession at trial.**

Petitioner first claims that his statements to the police were involuntary and that he did not knowingly or intelligently waiving his constitutional rights prior to making his statements to the police.

A *Walker* [2] hearing was conducted before the state trial court on March 26, 2004 to challenge petitioner's waiver of his *Miranda* rights and the voluntariness of his statements.

Officer Lance Newman testified that at 9:10 a.m. on December 22, 2003, petitioner was read his *Miranda* rights, after which petitioner repeated each right, then initialed and signed each sheet (Tr. March 26, 2004, pp. 9-10). Petitioner never requested to speak with a lawyer. Petitioner indicated that he had completed the 12th grade and could read and write. Petitioner requested to speak with his mother to ensure that the house was secured (*Id.* at 11-19).

Petitioner was again questioned the next morning by Officer Manuel Gutierrez from the Detroit Police Violent Crime Task Force involving a series of robberies (*Id.* at pp. 21-23). Gutierrez testified that petitioner was provided with food from Burger King at the time of his arrest. (*Id.* at p. 26). Prior to the second interview on December 23, 2003 at 12:10, petitioner was again advised of his

---

[2] *People v. Walker*, 374 Mich. 331; 132 N. W. 2d 87 (1965).

*Miranda* rights and again initialed each of the five paragraphs on the Detroit Police Constitutional Rights Certificate of Notification form (*Id.* at pp. 29-30). Officer Gutierrez proceeded to take three statements (the first at 12:45 pm; the second at 2:20 p.m. and the third at 4:45 p.m.). During the course of these interviews, petitioner was allowed to use the restroom, eat a candy bar, and get a drink of water. Petitioner never asked to speak with an attorney. (*Id.* at p. 43-44). Petitioner was also given the opportunity to read and make corrections to his statements, initialed all changes on his statements and then signed the bottom of each page. During this time, petitioner never indicated that he wished to speak with an attorney. (*Id.* at pp. 45-48).

Petitioner alleges that throughout the questioning, the officers utilized intimidation tactics and ignored his request to speak to a lawyer. Petitioner claimed that the two officers played "good cop bad cop", with one of the officers pushing his head. (*Id.* at pp. 56-57, 62-63). Petitioner admitted that he had prior contacts with the law during which he had previously been advised of his constitutional rights. (*Id.* at p. 65).

Upon reviewing the testimony, the trial judge noted that the issue of the voluntariness of petitioner's confession was a "question of credibility." The judge indicated that the factors that had to be taken into account in making a determination as to the voluntariness of a confession are the age of the accused, his lack of education or intelligence level, the extent of his prior

contacts with the police, any repeated or prolonged questioning, the lack of the advice of rights, and any undue delay in bringing the defendant before a magistrate, whether the defendant was injured, intoxicated, or drugged, whether he was deprived of food, sleep, or medical attention, or whether he was physically abused. (*Id.* At pp. 88-89). The judge indicated that he found that the officers' testimony was consistent while the testimony provided by petitioner appeared inconsistent. (*Id.* at p.89). Although the judge noted that petitioner had testified that the police had threatened him, in that "it was a good cop bad cop" situation, the judge rejected the idea that petitioner's will had been overborne. In so ruling, the judge found petitioner "to be articulate, intelligent, and able to, and a person with a strong will.."(*Id.* at pp. 89-90).

The Michigan Court of Appeals rejected petitioner's claim on direct appeal, holding:

> The trial court held a *Walker* hearing, at which Officer Newman testified that, although Lango asked to speak with his mother, he never asked for a lawyer. Officer Gutierrez testified that Lango was fed prior to, and during, questioning and was allowed to use the restroom. He also testified that Lango had a calm demeanor during all of the questioning. Lango was able to read his constitutional rights forms without difficulty, and he initialed each right listed on the form and signed each form at the bottom-one form for each statement he made. Further, Lango was given the opportunity to read and make corrections to his statements. Lango initialed all changes on his statements, and he signed the bottom of each page of his statements. Considering that Lango completed the twelfth grade and that he had prior experience with law enforcement, the trial court determined that Lango's will was not overborne and that his confession was not involuntary. Given that the trial court's determination relies in large

6

>part on the credibility of the witnesses, the trial court did not clearly err in determining that Lango's statement was not involuntary.

*Lango,* Slip. Op. at * 2 (footnote omitted).

In considering federal habeas petitions, a federal district court must presume the correctness of state court factual determinations, and a habeas petitioner may rebut this presumption only with clear and convincing evidence. *Bailey v. Mitchell*, 271 F. 3d 652, 656 (6th Cir. 2001); 28 U.S.C. § 2254(e)(1). Subsidiary factual questions in determining the voluntariness of a statement to police, such as whether the police engaged in intimidation tactics alleged by a habeas petitioner, are entitled to the presumption of correctness accorded to state court findings of fact. *Miller v. Fenton*, 474 U.S. 104, 112 (1985). Likewise, whether a defendant understood his or her *Miranda* rights is a question of fact underlying the question of whether his waiver of those rights was knowing and intelligent. Thus, on federal habeas review, a federal court has to presume that the state court's factual finding that a defendant fully understood what was being said and asked of him was correct unless the petitioner shows otherwise by clear and convincing evidence. *Williams v. Jones,* 117 Fed. Appx. 406, 412 (6th Cir. 2004); *See also Terry v. Bock,* 208 F. Supp. 2d 780, 789 (E.D. Mich. 2002).

A defendant's waiver of his *Miranda* rights is considered valid if it is voluntary, knowing, and intelligent. *Miranda v. Arizona*, 384 U.S. 436, 444, 475

(1966). Coercive police activity is a necessary predicate to finding that a defendant's waiver of his *Miranda* rights was involuntary. *Colorado v. Connelly,* 479 U.S. 157, 167, 169-70 (1986). A defendant's deficient mental condition, by itself, is insufficient to render a waiver involuntary. *Id.* at 164-65. "[W]hile mental condition is surely relevant to an individual's susceptibility to police coercion, mere examination of the confessant's state of mind can never conclude the due process inquiry." *Connelly*, 479 U.S. at 165.

Likewise, in determining whether a confession is voluntary, the ultimate question for a court is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution." *Miller v. Fenton,* 474 U.S. at 112. These circumstances include:

  1. police coercion (a "crucial element");
  2. the length of interrogation;
  3. the location of interrogation;
  4. the continuity of the interrogation;
  5. the suspect's maturity;
  6. the suspect's education;
  7. the suspect's physical condition and mental health;
  8. and whether the suspect was advised of his or her *Miranda* Rights.

 *Withrow v. Williams*, 507 U.S. 680, 693-94 (1993).

All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). However, without coercive police activity, a confession should not be deemed involuntary.

*Colorado v. Connelly,* 479 U.S. at 167.

Petitioner's primary contention is that he did not knowingly or intelligently waive his Fifth Amendment rights or voluntarily speak with the police because he evoked his right to speak with an attorney.

Once an accused has expressed his desire to deal with the police only through counsel, he is not to be subjected to further interrogation until counsel has been made available to him or her, unless the accused initiates further communication with the police. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). In this case, Officers Newman and Gutierrez testified at the *Walker* hearing that petitioner never requested to speak with an attorney prior to making his inculpatory statements and the trial court found this version of events to be more credible. A state court's finding that a habeas petitioner did not make an unequivocal request for counsel and that the statement was voluntarily made is entitled to the presumption of correctness, where the petitioner fails to present clear and convincing evidence to rebut that presumption. *See Pritchett v. Pitcher*, 117 F. 3d 959, 963 (6th Cir. 1997). The presumption of correctness also "applies to implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *Carey v. Myers*, 74 Fed. Appx. 445, 448 (6th Cir. 2003)(citing *McQueen v. Scroggy*, 99 F. 3d 1302, 1310 (6th Cir. 1996)). Although the trial court did not specifically find that petitioner never requested counsel, the trial

9

court did mention in its findings that the credibility of the officer testimony appeared consistent while that of the petitioner was inconsistent. By ruling that petitioner's confession was voluntary, the trial court implicitly found that petitioner did not ask for counsel nor was he coerced when he provided the officers with three signed statements. Therefore, petitioner is not entitled to challenge the state trial court's determination that the police officers' testimony that petitioner had not requested to speak with an attorney prior to making inculpatory statement was more credible than petitioner's allegation to the contrary, absent clear and convincing evidence to rebut presumption that state court's factual findings were correct. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752, 759-60 (E.D. Mich. 2005).

Petitioner has not otherwise shown that he did not voluntarily or intelligently waive his Fifth Amendment right against self-incrimination. The state court determination that petitioner's confession was voluntary was not contrary to, or an unreasonable application of, clearly established federal law, and thus does not warrant federal habeas relief, despite petitioner's claim of coercive police activity, where petitioner indicated that he had completed 12th grade, could read and write, had prior contacts with the police, and was thus familiar with criminal procedures, was not deprived of necessary nourishment, medical care, sleep or other essentials while in custody, and was advised of his *Miranda* rights by police prior to being questioned and waived those rights. *See Payne v. Smith,*

207 F. Supp. 2d 627, 646 (E.D. Mich. 2002).

Finally, even if the trial court erred in admitting petitioner's statement into evidence, this would still not entitle him to relief. For purposes of determining whether federal habeas relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). In this case, petitioner's statements to the police, even if involuntary, were harmless in view of the fact that Edwin Bannah and Jessie Stanley both positively identified petitioner as being involved in the robbery and shooting. *See Walendzinski,* 354 F. Supp. 2d at 761.

Petitioner further contends that the trial court improperly admitted "prior bad acts" or "other acts" evidence when the prosecutor introduced into evidence Petitioner's statements pertaining to a series of robberies.

Petitioner's claim that the state court violated M.R.E. 404(b) by admitting this evidence is non-cognizable on habeas review. *See Bey v. Bagley,* 500 F 3d 514, 519 (6th Cir. 2007). The admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. *Bugh v. Mitchell,* 329 F. 3d

11

496, 512 (6th Cir. 2003); *Adams v. Smith,* 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Petitioner is therefore not entitled to habeas relief on his first claim.

**B. Claim #2.  Improper grant of a continuance.**

Petitioner next contends that the trial court abused its discretion when it allowed the prosecution an eleven-day continuance in the middle of trial due to co-defendant Stanley's hospitalization.

Respondent contends that petitioner's second and third claims are unexhausted, because they were never presented to the state courts as federal constitutional claims.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The exhaustion requirement requires that a federal habeas petitioner fairly present the substance of each federal constitutional claim to state courts using citations to the United States Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. *Levine v. Torvik*, 986 F. 2d 1506, 1516 (6th Cir. 1993).  In order to exhaust state court remedies, a habeas petitioner must present his or her claim to the state courts as a federal constitutional issue, not merely as an issue that arises under state law. *Koontz v. Glossa*, 731 F. 2d 365, 368 (6th Cir. 1984)(cites omitted).

As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). However, assuming that petitioner's second and third claims have not been properly exhausted with the state courts, an unexhausted claim may nonetheless be rejected if it lacks merit. *See Burton v. Bock,* 239 F. Supp. 2d 686, 691 (E.D. Mich. 2002)(citing to 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F. 2d 817, 820 (6th Cir.1991)). This Court finds that in the interest of judicial economy, and to avoid any further burden on the state courts if the petitioner were to return there to attempt to exhaust these claims in a post-conviction motion, this Court will address petitioner's second and third claims on the merits.

Co-defendant Stanley was hospitalized during petitioner's jury trial. On June 17, 2004, the trial court court considered arguments presented by the prosecution and counsel for petitioner before dismissing the jury. The trial court found that "Mr. Stanley is in the hospital with an illness and we don't know when he will be able to proceed." (Tr. June 17, 2004, p. 3).

On appeal, the Michigan Court of Appeals rejected petitioner's claim, finding that petitioner was not prejudiced by the trial court's eleven day adjournment due to Stanley's illness. *Lango*, Slip. Op. at * 6.

A trial court has broad discretion in determining whether to grant or deny a motion for a continuance or adjournment in a criminal case. *See Unger v.*

*Sarafite*, 373 U.S. 575, 589 (1964); *See also Morris v. Slappy*, 461 U.S. 1, 11 (1983). When a habeas petitioner challenges the grant or denial of such a request, not only must there have been an abuse of discretion, the trial court's decision "must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process." *Bennett v. Scroggy*, 793 F.2d 772, 774-75 (6th Cir. 1986).

This Court finds that the Michigan Court of Appeals' decision is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts. The trial court's action in granting the continuance was reasonable given the fact that a prosecution witness' illness prevented him from testifying at trial. *See e.g. United States v. Howard*, 218 F. 3d 556 (6th Cir. 2000)(district court's three and a half month adjournment of trial due to the victim's hospitalization for going into premature labor did not violate the Speedy Trial Act); *See also Cooper v. Costello*, 112 F. 3d 503 (Table); No. 1997 WL 219083, *1 (2nd Cir.1997)(six-week delay caused by defense counsel's illness did not violate petitioner's right to a fair trial); *United States v. Smith*, 44 F.3d 1259, 1267-68 (4th Cir. 1995)(32-day mid-trial continuance for district judge's vacation and co-defendant's illness not grounds for reversal).

In addition, petitioner has provided no factual support for his assertion that he was prejudiced by the continuance or the mid-trial delay. Petitioner's concern centered on the jury focusing on testimony subsequent to the

14

adjournment and that the prior testimony would be substantially minimized. Witnesses for the prosecution testified prior to the continuance. Petitioner was not prejudiced by the continuance. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of ineffective assistance of counsel do not warrant habeas relief); *Wogaman v. Wells*, 884 F.2d 1393 (Table); No. 1989 WL 106578, *5 (6th Cir. 1989)(denying habeas relief where petitioner failed to show that pre-trial or mid-trial delays were prejudicial-"a critical and essential consideration"). Petitioner is not entitled to habeas relief on his second claim.

**C.  Claim # 3.  The jury instruction claim.**

Petitioner lastly claims that the trial court erred in failing to give the jurors a cautionary instruction that they should examine co-defendant Stanley's testimony more carefully because he was an accomplice to the crime.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely

to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-55 (1977). A habeas petitioner's burden of showing prejudice is especially heavy when a petitioner claims that a jury instruction was incomplete, because an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law. *See Terry v. Bock,* 208 F. Supp. 2d at 793.

The Sixth Circuit has held, even on direct appeals from federal criminal trials, that a trial court's failure to give a special cautionary instruction on accomplice testimony is not reversible error, so long as the court has given the jury a general instruction on witness credibility and the various considerations that it should take into account in weighing the testimony of various witnesses. *See United States v. Carr*, 5 F. 3d 986, 992 (6th Cir. 1993); *see also United States v. Bucheit,* 134 Fed. Appx. 842, 859 (6th Cir. 2005)(failure to give accomplice instruction not reversible error); *United States v. Allgood*, 45 Fed. Appx. 407, 412 (6th Cir. 2002)("While it is the preferred practice to give a cautionary instruction regarding the possible unreliability of accomplice testimony, we have not held that such an instruction is required for a jury to be 'properly cautioned.'"); *Scott v. Mitchell,* 209 F. 3d 854, 883 (6th Cir. 2000)("We have since followed *Carr* in not requiring accomplice instructions as a general matter").

Federal habeas review of jury instruction claims arising out of a state court prosecution is even more deferential than direct review by a federal

appellate court of a federal criminal conviction. In this case, the state trial court's refusal to specifically instruct the jury regarding the credibility of accomplice witnesses did not violate petitioner's right to due process, in light of the fact that the general instructions on witness credibility alerted the jury to the various considerations that it should take into account in weighing testimony, giving the jury an ample basis for rejecting the testimony of the accomplice witness if it had chosen to do so. *See Latimer v. Burt,* 98 Fed. Appx. 427, 432-33 (6th Cir. 2004). Moreover, in light of the evidence presented at trial, the jury had sufficient evidence to assess Stanley's credibility and his possible motivations for lying. Therefore, the trial court's failure to instruct the jury more specifically on the testimony of accomplices did not deprive petitioner of a fair trial or due process of law. *See Grant v. Rivers,* 920 F. Supp. 769, 784 (E.D. Mich. 1996). Petitioner is not entitled to habeas relief on his third claim.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

                                       s/Marianne O. Battani
                                       **HON. MARIANNE O. BATTANI**
                                       UNITED STATES DISTRICT COURT

DATED: February 3, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this opinion and order was served upon all parties of record.

s/Bernadette M. Thebolt  
Deputy Clerk